**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARY GREEN,

                Plaintiff,

vs.                                           Case No. 3:11-cv-1074-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Mary Green ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges disability based upon "[se]vere pain in legs and knees[.]" Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed December 29, 2011, at 140. On August 28, 2009, Plaintiff filed applications for DIB and SSI, alleging an onset date of April 1, 2008. Tr. at 115-18, 119-22. Plaintiff's applications were denied initially, see Tr. at 43, 44, 50-52, 53-56, and were denied upon reconsideration, see Tr. at 45, 46, 66-69, 70-71.

On October 29, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 23-42. At the time of the hearing,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed January 3, 2012; Reference Order (Doc. No. 14), signed January 12, 2012 and entered January 17, 2012.

Plaintiff was fifty-nine (59) years old. Tr. at 27. The ALJ issued a Decision on January 6, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 12-18. On September 22, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 1, 2011, Plaintiff commenced this action under 42 U.S.C.§§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. See Memorandum in Support of Complaint (Doc. No. 15; "Pl.'s Mem."), filed February 7, 2012. First, Plaintiff alleges the ALJ erroneously assessed Plaintiff's residual functional capacity ("RFC") and improperly elected not to present a hypothetical to the VE regarding whether Plaintiff could perform her past relevant work ("PRW") or any other work. Pl.'s Mem. at 4-6. Second, Plaintiff argues that application of the Medical Vocational Guidelines ("Grids") would direct a finding of "disabled," even though the ALJ in this case did not apply the Grids. See id. at 6-8. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform PRW; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-18. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since April 1, 2008, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative disc disease of the left knee and obesity." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted). The ALJ determined Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)." Tr. at 15. At step four, the ALJ found Plaintiff "is capable of performing PRW as a garment sorter, housekeeping cleaner, and daycare worker," both as she actually performed them and as they are generally performed. Tr. at 18 (emphasis and citation omitted). Because the ALJ found Plaintiff is capable of performing her PRW, the ALJ was not required to and did not proceed to step five. The ALJ concluded that Plaintiff "has not been under a disability . . . from April 1, 2008, through the date of th[e D]ecision." Tr. at 18 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

Plaintiff first takes issue with the ALJ's assessment of her RFC and with the ALJ's election not to provide a hypothetical to the VE regarding whether Plaintiff can perform her PRW or any other work.  See Pl.'s Mem. at 4-6.  According to Plaintiff, the ALJ did not

properly take into account her limitations based upon her knee and back pain. See id. at 4-5. Plaintiff complains that in finding she was able to perform light work, the ALJ did not "specifically delineat[e] any limitations on her ability to sit, stand, walk, push, pull, lift and carry." Id. at 5. Further compounding the problem, according to Plaintiff, is that the ALJ did not present the VE with a hypothetical to assist in the determination that Plaintiff can perform her PRW or any other work. Id.

Defendant, on the other hand, argues that the ALJ properly evaluated Plaintiff's RFC and imposed no fewer limitations than any medical source imposed. See Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem."), filed March 20, 2012, at 4-10. Defendant further contends that the ALJ was not required to pose a hypothetical to the VE in determining whether Plaintiff can perform her PRW. Id. at 10-11.

In determining an individual's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that, "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted). When "more than a scintilla of evidence support[s an] ALJ's RFC assessment," the Court "will not second-guess the Commissioner's determination." Land v. Comm'r of Soc. Sec., No. 12-11834, 2012 WL 5313342, at *3 (11th Cir. Oct. 26, 2012) (unpublished).

Here, the ALJ properly considered the medical evidence and assessed the RFC of light work without further limitations. The Social Security Regulations explain light work as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. . . .

20 C.F.R. §§ 404.1567 and 416.967. "'[L]ight work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.'" Freeman v. Barnhart, 220 F. App'x 957, 960 (11th Cir. 2007) (unpublished) (quoting SSR 83-10, 1983 WL 31251, *6). Thus, contrary to Plaintiff's allegation that the ALJ did not account for any exertional limitations in assessing the RFC (i.e., limitations on sitting, standing, walking, pushing, pulling, lifting, and carrying), see Pl.'s Mem. at 5, the ALJ did indeed account for the credible limitations by limiting Plaintiff to light work, see Tr. at 15. There is scant evidence in the record regarding Plaintiff's allegations of knee pain and back pain. Plaintiff does not cite, and the Court did not find, any instance in which a medical source of any kind imposed limitations greater than those imposed by light work.[3] The ALJ's light work RFC determination is supported by substantial evidence and will not be disturbed. See Land, 2012 WL 5313342, at *3.

---

[3] The only medical source who opined on Plaintiff's limitations was an examining physician. See Tr. at 215-22.

Nor does the Court find error in the ALJ's election not to present a hypothetical to the VE and the ALJ's ultimate determination that Plaintiff can return to her PRW as a garment sorter, housekeeping cleaner, and daycare worker. Plaintiff testified about the requirements of those jobs, Tr. at 28-34, and the ALJ asked the VE to classify those jobs in accordance with the Dictionary of Occupational Titles, Tr. at 41. The VE responded that the jobs of garment sorter, housekeeping cleaner, and daycare worker are classified as "light" work, and that his testimony was consistent with the Dictionary of Occupational Titles. Tr. at 41-42. In finding that Plaintiff could return to such jobs, the ALJ correctly stated that those jobs do not require performance of activities precluded by Plaintiff's RFC. Tr. at 18. The ALJ was not required to present a hypothetical to the VE in determining Plaintiff can return to her PRW. See Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) (stating that because the ALJ had determined that the claimant could perform her PRW, "testimony from a [VE] was not necessary"). The ALJ's determination that Plaintiff can perform her PRW is supported by substantial evidence.

Finally, the Court need not address Plaintiff's second argument regarding application of the Grids. Given that the ALJ correctly determined that Plaintiff can perform her PRW, the ALJ was not required to proceed to step five, at which the Grids are sometimes used.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on February 7, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record